IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02959-MSK-MJW

VALLEY HIGH MINING COMPANY, a Nevada company,

Plaintiff,

v.

GANDOLF HOLDINGS, INC., a Wyoming corporation,
COX GENERAL ACCOUNTING, INC., a Michigan corporation, and
BRIAN J. COX,

Defendants.

---

**RECOMMENDATION ON
PLAINTIFF'S [MOTION] REQUEST FOR DEFAULT JUDGMENT
(DOCKET NO. 10)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on Plaintiff's [Motion] Request for Default

Judgment (Docket No. 10).  The court has reviewed the subject motion and the exhibits

attached thereto.  Defendant Gandolf Holdings, Inc. has not filed any response to the

subject motion.  In addition, the court has taken judicial notice of the court file and has

considered applicable Federal Rules of Civil Procedure and case law.  The court now

being fully informed makes the following findings of fact, conclusions of law, and

recommendation.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.      That I have jurisdiction over the subject matter and over the parties to this

2

lawsuit;

2.      That venue is proper in the state and District of Colorado;

3.      That each party has been given fair and adequate opportunity to be heard;

4.      That defendant Gandolf Holdings, Inc. was served with a copy of the summons
        and complaint on December 5, 2013.  See Docket No. 10-3.  Defendant Gandolf
        Holdings, Inc. has failed to answer or otherwise respond to the complaint, and
        therefore defendant Gandolf Holdings, Inc. has admitted the factual allegations in
        the complaint.  See Burlington Northern R.R. Co. v. Huddleston, 94 F.3d 1413,
        1415 (10th Cir. 1996);

5.      That the Clerk of the Court entered a Clerk's default pursuant to Fed. R. Civ. P.
        55(a) against defendant Gandolf Holdings, Inc. on December 31, 2013.  See
        Docket No. 11;

6.      That defendant Gandolf Holdings, Inc. is not an infant or incompetent, an officer
        or agent of the State or Colorado, or in the military service;

7.      That the affidavit of Andrew I. Telsey (Docket No. 10-4), along with the related
        exhibits, clearly and convincingly establishes a principal amount due on the Note
        (Docket No. 1-5) of $75,000.00;

8.      That the terms of the Note state that the "Borrower [defendant Gandolf Holdings,
        Inc.] agrees to pay the Note Holder [plaintiff Valley High Mining Company], when
        incurred, all costs and expenses incidental to collection of the amounts due
        herein, including but not limited to, reasonable attorney's fees and
        disbursements."  See Docket No. 1-5;

9.      That the benchmark for an award of attorney's fees under nearly all of the federal

statutes authorizing an award of attorney's fees is that the amount of the fees awarded be reasonable.  Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 562 (1986).  "The lodestar figure - reasonable hours times reasonable rate - is the mainstay of the calculation of a reasonable fee." Anderson v. Secretary of Health & Human Servs., 80 F.3d 1500, 1504 (10th Cir. 1996); and

10.    That as to attorney's fees, the court has considered those factors as outlined in Poolaw v. City of Anadarko, Okl., 738 F.3d 364 (10th Cir. 1984), Skinner v. Total Petroleum, Inc., 859 F.2d 1439 (10th Cir. 1988), and Blanchard v. Bergeron, 498 U.S. 87 (1989).  Taking these factors into consideration, this court finds that the sum of $2,835.90 in attorney's fees is fair, reasonable, and necessary for prosecuting this case.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **RECOMMENDS**:

1.    That Plaintiff's [Motion] Request for Default Judgment (Docket No. 10) be **GRANTED**; and

2.    That default judgment enter in favor of plaintiff Valley High Mining Company, a Nevada corporation, and against defendant Gandolf Holdings, Inc., a Wyoming corporation, in the principal amount of $75,000.00, plus reasonable attorney's fees in the amount of $2,835.90, and reasonable court costs to be taxed by the Clerk consistent with Fed.

4

R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.  Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961 from the date that judgment is entered by Chief Judge Krieger until the judgment is fully paid.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  January 22, 2014                  s/ Michael J. Watanabe
       Denver, Colorado                Michael J. Watanabe
                                      United States Magistrate Judge